UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                                              CASE NO: 2:14-cr-66-FtM-38CM

JULIAN FUENTES-FLORES

### **ORDER**[1]

This matter comes before the Court on the United States of America's (Government) Motion in Limine (Doc. #53) filed on December 24, 2014. The Defendant, Julian Fuentes-Flores filed his Response in Opposition (Doc. #55) on December 29, 2014. The Motion is fully briefed and ripe for the Court's review.

The Government filed a two part Motion: the first part pertains to the Government's motions in limine, and the second part relates to admission of certain evidence. The Court will address the issues as they are presented in the Government's motion.

*(A) Motions In Limine*

The Government moves the Court to preclude the Defendant from making the following references at trial.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

### *(1) Preclude any References to the Validity of any Prior Deportations*

The Government moves in limine to bar the Defendant from making any reference to the legality of the defendant's prior deportations from the United States to Mexico at any time during the trial. The Government argues that the lawfulness of a prior deportation is not an element of the offense under 8 U.S.C. § 1326. The Government, therefore argues the issue may not be raised before the jury for its consideration. The Defendant responds that disputing the initial deportation is his defense at trial and that the Government is well aware of that defense.

The Government argues the Defendant did not present a collateral attack on the initial deportation and therefore, he cannot bring the collateral attack at trial. However, contrary to the Government's position, the Defendant did present a collateral attack on his initial deportation. *See* (Doc. #38). Nevertheless, the Court has previously determined that the initial deportation in 1999 did not violate the Defendants due process rights and that the Defendant failed to exhaust his administrative remedies. Therefore, the Defendant will not be allowed to attack the 1999 deportation as illegal before the jury.

### *(2) Motivation to Reenter the United States*

The Government moves the Court to preclude the Defendant from presenting evidence as to why he returned to the United States. The Defendant states that the Government's position that the Defendant's motivation for reentering the United States is not relevant is a misstatement of the law. The Defendant argues that duress and necessity are motivational exceptions contained within the statute. The statue at issue makes it a crime for an illegal alien to reenter the country and be "at any time found in" the United States. 8 U.S.C. § 1326(a)(2). The motivation of the Defendant to reenter the

country is not relevant unless the Defendant can produce evidence of duress or necessity. Thus, the Motion is granted to the extent that the Defendant may not present evidence of his motivation for reentering the United States outside of duress or necessity. The Court will now examine the defenses in turn.

### (3) *Duress or Necessity*

The Government argues that the Defendant should be precluded from presenting evidence of duress or necessity unless the Defendant makes a showing of a prima facie case satisfying each element of either defense. The Government continues that the Defendant has not produced any evidence nor attempted to argue that he tried to petition the Attorney General of the United States to reenter the country legally or that he was in eminent danger if he did not return to the United States. A defendant must establish the existence of four elements to be entitled to present evidence of a necessity defense at trial:

> (1) defendant was faced with a choice of evils and chose the lesser evil;
>
> (2) he acted to prevent imminent harm;
>
> (3) he reasonably anticipated a causal relationship between his conduct and the harm to be avoided; and
>
> (4) there was no legal alternative to violating the law.

Likewise, the Government moves to preclude the Defendant from raising duress as a defense. In order to rely on a defense of duress, a defendant must establish a prima facie case that:

> (1) Defendant committed the crime charged because of an immediate threat of death or serious bodily harm;
>
> (2) Defendant had a well-grounded fear that the threat would be carried out; and

>    (3) There was no reasonable opportunity to escape the threatened harm.

Again, the Defendant must make some threshold showing as to each element or he cannot bring the defense of duress.

In resolving motions in *limine,* "[t]he court excludes evidence on a [m]otion [i]n [l]imine only if the evidence is clearly inadmissible for any purpose. [ ][I]f evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context." Smith v. Royal Caribbean Cruises, Ltd., 2014 WL 5312534, *1 (S.D. Fla. October 10, 2014) (citing Stewart v. Hooters of America, Inc., 2007 WL 1752873, *1 (M.D. Fla. 2007)).  Here evidence of duress or necessity could be relevant if the evidence is sufficient to establish the defenses.  Therefore, at this point in time, the Court will reserve ruling on the Motion to preclude the defenses of duress and/or necessity.  However, should the Defendant desire to put on either defense, he must first proffer his evidence to the Court demonstrating his ability to prove the elements of each defense.

### *(4) Preclude Background Information*

The Government moves to preclude evidence regarding the Defendant's "background information" such as the defendant's upbringing, education, health, age, finances, family ties, and responsibilities.  The Government argues the Defendant's background information is impermissible character evidence and would serve only to confuse the jury.  The Government also states the Defendant's background information might also make the jury sympathetic to the Defendant's position.  The Defendant states he will agree to this in limine as long as the Government does not use any of his back

ground information at trial such as his place of birth, birth certificate, or national citizenship.

The Court will reserve ruling on the introduction of evidence of the Defendant's background subject to relevancy at the time that it comes up during the course of the trial.

### (5) Potential Punishment, Jury Nullification Defense, and Preclude Non-Disclosed Evidence

The Government also moves to preclude the defendant from referencing a potential punishment, including any reference to potential incarceration; to preclude all evidence, argument, and comments during the trial relating to a jury nullification defense, including but not limited to, any statement about immigration policy or immigration politics. The Defendant states that this is a basic fundamental tenet that does not require a motion in limine; and to preclude any evidence being presented at trial that has not been disclosed during discovery.

The Court notes that in limine requests numbers 5, 6 and 7 are not motions in limine, but are—as argued by the Defendant—tenets of basic fundamental trial procedure. The Government's Motions are merely generalized requests not related to specific evidence to be presented at trial. Thus, motions in limine 5, 6, and 7 are denied.

### (B) Admit Certain Evidence

The Government moves the Court to admit certain evidence including the Defendant's A-file, Defendant's sworn statements, Defendant's prior convictions under 8 U.S.C. § 1325, Defendant's prior removals from the United States, admit the Government's expert testimony, and invoke the Rule with regard to witnesses remaining

in the Courtroom during the trial.  The Government's Motion to admit certain evidence is premature and the Court will reserve on the admissions.  The Government should move to introduce the evidence on the record at trial rather than by pre-trial motion.   Further, if the Government wishes to invoke the Rule, they may do so at trial and not during pre-trial briefings.

Accordingly, it is now

**ORDERED:**

The United States of America's Motion in Limine (Doc. 53) is **GRANTED** in part and **DENIED** in part and **RESERVED** in part as outlined in this Order.

(1) The Government's Motion to Preclude the Defendant from Making any Reference to the Legality of the Defendant's Prior Deportations from the United States is **GRANTED**.

(2) The Government's Motion to Preclude the Defendant from Presenting Evidence as to Why He Returned to the United States is **GRANTED**.

(3) The Court **RESERVES** on the Motion to Preclude the Defenses of Duress and/or Necessity.

(4) The Motion to Preclude the use of the Defendant's Background Information is **RESERVED** as the court will determine the relevancy of the evidence sought to be admitted at the appropriate time during trial.

(5) The Motions to Preclude the Defendant from Referencing Potential Punishment, A Jury Nullification Defense, and/or Preclude Non-Disclosed Evidence are **DENIED** as they are not appropriate for a Motion in Limine. Defense Counsel is well aware of his obligations as an officer of this Court.

(6)  The Court **RESERVES** on the Government's Motion to Admit Certain Evidence Pending the Introduction of Such Evidence at Trial.

**DONE AND ORDERED** at Fort Myers, Florida, this 20th day of January, 2014.

*SHERI POLSTER CHAPPELL*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record